645 A.2d 830

**OFFICE OF DISCIPLINARY COUNSEL, Petitioner,**

v.

**Vladimir N. ZDROK, Respondent.**

Supreme Court of Pennsylvania.

Argued April 5, 1994.

Decided Aug. 1, 1994.

44

James P. Leonard, Philadelphia, for V.N. Zdrok.

Barbara S. Rosenberg, Philadelphia, for Office of Disc. Counsel.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

## OPINION OF THE COURT

CAPPY, Justice.

Petitioner, the Office of Disciplinary Counsel, was granted an appeal by allowance and appeals the order of the Disciplinary Board (Board) which dismissed charges filed by Petitioner against Vladimir N. Zdrok. Our review in attorney discipline matters is *de novo,* and thus we are not bound by the findings of either the Disciplinary Board Hearing Committee or the Board. *Office of Disciplinary Counsel v. Shorall,* 527 Pa. 413, 592 A.2d 1285 (1991). Nevertheless, we are guided by their findings with respect to matters of credibility of witnesses, and we accord substantial deference to the

findings and recommendation of the Disciplinary Board. *Office of Disciplinary Counsel v. Christie*, 536 Pa. 394, 639 A.2d 782, 783 (1994). However, because we find that the Board committed an error of law, we reverse the Board and order Zdrok suspended from the practice of law for a period of six months.

This disciplinary matter was brought by Petitioner pursuant to Pa.R.D.E. 203(b)(1), which states that an attorney's conviction of a "serious crime" [1] shall be grounds for discipline. On September 15, 1986, Zdrok was arrested and charged with loitering and prowling at nighttime in violation of 18 Pa.C.S.A. § 5506, the maximum sentence for which is one year imprisonment. Zdrok was admitted to the bar of this Commonwealth on November 1, 1986. On January 29, 1988, Zdrok was found guilty by a jury. On September 8, 1988, Zdrok was sentenced to a one-year term of probation plus payment of costs in the amount of $1,000. Zdrok did not report this conviction to the Board as required by Pa.D.R.E. 214(a).

On July 12, 1989, Petitioner filed a Petition for Discipline and under the heading "Charge" stated the following:

5. On January 20, 1988, Respondent was convicted by a jury in a trial before the Honorable William T. Nicholas, Court of Common Pleas, Montgomery County, Pennsylvania, under Bill of Information No. 4873–76 of loitering and prowling at nighttime in violation of 18 Pa.C.S. § 5506.

6. On September 8, 1988 Respondent was sentenced by Judge Nicholas to a one-year term of probation plus payment of costs in the amount of $1,000.

7. Respondent's conviction is a conviction under Rule 214(d), Pa.R.D.E. and constitutes a per se basis for the imposition of discipline under Rule 203, Pa.R.D.E.

8. Petitioner believes and, therefore, avers that Respondent has, by his conduct as set forth hereinabove in paragraphs 5 through 7, inclusive, violated the following Disciplinary Rules of the Code of Professional Responsibility:

---

1. "Serious crime" is defined in Rule 214(i), Pa.R.D.E., as "a crime which is punishable by imprisonment for one year or upward in this or any other jurisdiction."

A. DR 1–102(A)(3), which prohibits an attorney from engaging in illegal conduct involving moral turpitude; and

B. DR 1–102(A)(6), which prohibits an attorney from engaging in other conduct which adversely reflects on fitness to practice law.

After a hearing before Disciplinary Board Hearing Committee 1.01, the Hearing Committee entered a report finding that Zdrok was convicted of a serious crime, that he violated Pa.R.D.E. 214(a), that he was convicted of criminal contempt and that he failed to timely pay his fine. As a consequence thereof, the Hearing Committee recommended a six month suspension. By Order dated June 25, 1993, the Board dismissed the charges on the basis that the Petition for Discipline failed to comply with Pa.R.D.E. 208(b)(1), which requires that the petition set forth with specificity the charges of misconduct, since the petitioner failed to specifically charge a violation of.Pa.R.D.E. 214(d). The Board also found that Zdrok's conduct did not violate Disciplinary Rules 1–102(A)(3) and 1–102(A)(6).

 We find that the Board erred in determining that the Petition failed to specifically charge a violation of Pa. R.D.E. 214(d). We note first that Rule 214(d) is *not* a substantive rule of law. Rather, it is a procedural rule that details the duties of the parties and the procedures to be followed when a member of the bar commits a serious crime.[2] In *Office of Disciplinary Counsel v. Costigan,* 526 Pa. 16, 584 A.2d 296 (1990), this Court stated that "conviction of a serious crime is in itself a basis for discipline." *Id.* at 19, 584 A.2d at 298. This Court further noted that in such a proceeding, it is unnecessary to determine whether any disciplinary rules were

---

**2.** Rule 214(d)(1) states:

Upon the filing with the Supreme Court of a certified copy of an order demonstrating that an attorney has been convicted of a serious crime, the Court may enter a rule directing the respondent-attorney to show cause why the respondent-attorney should not be placed on temporary suspension, which rule shall be returnable within ten days.

The remaining subsections of Rule 214(d), subsections (2)–(4), are similarly descriptive of the procedures to follow after an attorney has been convicted of a serious crime.

violated by the conduct underlying the conviction, as the conviction provides a per se basis for discipline. *Id.* Thus, petitioner is not required to allege a violation of this rule in the Petition for Discipline. *See also Office of Disciplinary Counsel v. Eilberg,* 497 Pa. 388, 441 A.2d 1193 (1982); *Office of Disciplinary Counsel v. Troback,* 477 Pa. 318, 383 A.2d 952 (1978).

We also note that the Petition for Discipline clearly stated that Zdrok's conviction "is a conviction under Rule 214(d) Pa.R.D.E. and constitutes a per se basis for the imposition of discipline under Rule 203, Pa.R.D.E." This statement in the "Charge" section clearly gives proper notice and sufficiently informs Zdrok of the basis of the disciplinary proceedings against him. Petitioner took the position early in the hearing that it was not necessary that the Hearing Committee find rule violations, because the prosecution was based upon the criminal conviction. (N.T. 8). Zdrok did not take exception to this position and in fact agreed with it. (N.T. 12, 13).

Zdrok also argues that he cannot be disciplined for violating Pa.D.R.E. 203(b)(1) where his criminal conduct at issue is not found to be in violation of the Pennsylvania Code of Professional Responsibility.[3] The essence of Zdrok's argument is that the Pennsylvania Rules of Disciplinary Enforcement are procedural in nature only, and therefore these Rules do not create new rules of professional conduct.[4] Based on the clear language of Rule 203, we find Zdrok's argument to be meritless. Rule 203 provides:

**3.** As noted, it was found by the Board, and it is not in dispute by the parties, that the crime of loitering and prowling at night does not involve moral turpitude or otherwise adversely reflect on the fitness to practice law in violation of DR 1–102(A)(3) and DR 1–102(A)(6).

The Code of Professional Responsibility was repealed and replaced with the Pennsylvania Rules of Professional Conduct, effective April 1, 1988. Zdrok's alleged misconduct occurred before the effective date and is therefore governed by the Code of Professional Responsibility.

**4.** We note that Zdrok appears to take a different position than in his first argument, in which he contends that Pa.R.D.E. 214(d) provides a *substantive* cause of action which must be specifically charged.

(a) Acts or omissions by a person subject to these rules, individually or in concert with any other person or persons which violate the Disciplinary Rules shall constitute misconduct and shall be grounds for discipline, whether or not the act or omission occurred in the course of an attorney-client relationship.

(b) The following *shall also be grounds for discipline:*

(1) Conviction of a crime which under Enforcement Rule 214 (relating to attorneys convicted of crimes) may result in suspension.

(2) Willful failure to appear before the Supreme Court, the Board or Disciplinary Counsel for censure, private reprimand or informal admonition.

(3) Willful violation of any other provision of the Enforcement Rules.

[Emphasis added.] Clearly, Rule 203 contemplates that certain acts *in addition to* conduct contemplated by the Code of Professional Responsibility are grounds for discipline. To accept Zdrok's argument that Rule 203(b) is simply procedural would fly in the face of the clear language of Rule 203(b) which establishes independent grounds for discipline. Moreover, imposing discipline based on a conviction of a serious crime is a legitimate means of protecting the integrity of the legal profession and the public from those unfit to practice, and a measure of unfitness appropriately includes the fact that a person has been convicted of a "serious crime."

Zdrok's interpretation would also render Pa.R.D.E. 203(b)(2) and (b)(3) meaningless, since there is no counterpart to these provisions in the Code of Professional Responsibility. The acts enumerated in Rules 203(b)(2) and (b)(3) are unquestionably acts which should not be tolerated and are appropriate grounds for discipline. Thus, the Rules of Disciplinary Enforcement are plainly not only procedural in nature.

Zdrok also contends that he should not be disciplined for criminal conduct he engaged in prior to becoming a member of the bar and argues that this punishment is an ex post facto law. This argument is wholly without merit. The

constitutional prohibition against ex post facto laws does not apply to statutes which do not involve imposition of penal sanctions. *See e.g., O'Neill v. City of Philadelphia,* 817 F.Supp. 558 (E.D.Pa.1993); *Brown v. State Board of Pharmacy,* 129 Pa.Commw. 642, 566 A.2d 913, 916 n. 6 (1989); *Righter v. Commonwealth of Pennsylvania, Dep't of Labor and Industry,* 86 Pa.Commw. 645, 486 A.2d 547 (1985). We do note that retroactive application of the adoption of a statute or a change in the statute can offend due process. *Krenzelak v. Krenzelak,* 503 Pa. 373, 469 A.2d 987 (1983); *Brown, supra.* Here, however, the conduct for which Zdrok is being disciplined was the *conviction,* not the commission of the crime,[5] although the commission was of course a necessary component. *See Morris v. Commonwealth of Pennsylvania, Dep't of State, Bureau of Professional and Occupational Affairs, State Board of Pharmacy,* 113 Pa.Commw. 318, 537 A.2d 93 (1988).[6] Moreover, that conduct was subject to discipline when it was committed, assuming a conviction thereon; it is only Zdrok's status that changed. He is being disciplined not as a result of an adoption of a rule or a change in the rule, but as a result of his admission to the profession of law. Thus, there is simply no retroactive application of a law.

 Additionally, we see no unfairness in disciplining Zdrok for conduct committed prior to his admission to the bar. Disciplinary proceedings are not for the purpose of punishment, but rather seek to determine the fitness of an officer of the court to continue in that capacity and to protect the courts and the public from the official ministration of persons unfit to practice. *Office of Disciplinary Counsel v. Duffield,* 537 Pa.

**5.** Rule 203(b)(1) and Rule 214 do not speak in terms of *committing* a crime; rather, the discipline is as a result of a *conviction* for a crime.

**6.** In *Morris,* the Commonwealth Court held that the application of a procedural rule governing license suspensions of pharmacists that was not in effect at the time of the commission of certain felonies under the Drug Act but was in effect at the time of the conviction on those felonies was not retroactive; under the Pharmacy Act, the event which results in automatic suspension of license is the *conviction* of felonies under the Drug Act. The commission of those felonies is merely an antecedent act, albeit an important one, which puts the chain of events in motion. 113 Pa.Commw. at 321, 537 A.2d at 95.

485, 644 A.2d 1186 (1994); *Costigan,* 526 Pa. at 24, 584 A.2d at 300; *Office of Disciplinary Counsel v. Campbell,* 463 Pa. 472, 345 A.2d 616 (1976). As we discuss above, the purpose of Rules 203(b)(1) and 214 is to protect the integrity of the legal system and the public by providing for discipline in those instances where an attorney has been convicted of a "serious crime."

Zdrok also maintains that Petitioner violated his due process rights by introducing evidence of unrelated misconduct and aggravating factors which occurred after the criminal conduct at issue, when such misconduct was not alleged in the Petition for Discipline. Specifically, in determining the appropriate discipline, the Hearing Committee noted in its report that Zdrok failed to report his conviction as required by Enforcement Rule 214(a),[7] was convicted of contempt of court, and was in violation of probation on several occasions by unjustifiably failing to pay his fine.

With respect to the violation of Rule 214(a), this Court has held that despite a failure to specifically charge a Rule 214(a) violation in a petition for discipline, such violation could still be considered in determining the discipline to impose. *Office of Disciplinary Counsel v. Casety,* 511 Pa. 177, 512 A.2d 607 (1986). *See also In re Anonymous No. 62 D.B. 87,* 5 Pa. D & C 4th 458 (1989). Therefore, we find that this evidence is proper and relevant in considering the discipline to impose.

After a review of the record, we find that the introduction and consideration of the other aggravating factors by the Hearing Committee was appropriate as well. Evidence with respect to Zdrok's failure to pay the fine imposed at sentencing for the conviction, first introduced by Petitioner at the hearing, is clearly relevant to the type of discipline to be imposed inasmuch as it reflects on Zdrok's respect for the

7. Rule 214(a) provides:

An attorney convicted of a serious crime shall report the fact of such conviction to the Secretary of the Board within 20 days after the date of sentencing. The responsibility of the attorney to make such report shall not be abated because the conviction is under appeal or the clerk of the court has transmitted a certificate to Disciplinary Counsel pursuant to subdivision (b).

legal system and his behavior as an officer of the court. Additionally, Disciplinary Board Rule § 89.151 provides that "the participants may offer any evidence which is relevant and material on the issue of the type of discipline to be imposed," including "a statement showing the dates, general nature and ultimate disposition of every matter involving the arrest or prosecution of the respondent-attorney during the preceding ten years." Thus, the contempt conviction was properly considered by the Hearing Committee as a prosecution occurring within the preceding ten years.[8] Finally, the record reveals that testimony with respect to his contempt conviction was properly elicited in response to testimony as to Zdrok's reputation as a peaceful and law-abiding citizen offered on Zdrok's behalf.

Zdrok also argues he was unfairly "surprised" at the hearing by Disciplinary Counsel's pursuing these areas of testimony. Zdrok's objections are without merit. The record reveals that Zdrok was well aware of what evidence Disciplinary Counsel would introduce at the hearing through the pre-hearing stipulation to the admission of various exhibits, which included the contempt conviction and documents relating to the failure of Zdrok to timely pay the fine. Additionally, much of the testimony heard on these subjects was in response to witnesses offered on behalf of Zdrok.

 Finally, Zdrok argues that the six month suspension recommended by the Hearing Committee is excessive for the act for which he was disciplined, a conviction of a misdemeanor of the third degree.[9] We find the six month suspension appropriate in light of not only the facts and circumstances

**8.** Zdrok argues that since the contempt conviction occurred *after* the loitering and prowling at night conviction, it should not be considered since "preceding ten years" should be limited to the ten years preceding the conduct which is the subject of discipline. We find no basis for this interpretation.

**9.** Zdrok also claims that the severity of the punishment was enhanced through the introduction and consideration of the misconduct and aggravating factors which Zdrok alleges were improper. Since we have found that the information was properly considered by the Hearing Committee, we give no weight to this portion of Zdrok's argument.

surrounding the underlying criminal offense, but also Zdrok's conduct which persuades us that this discipline is required to educate Zdrok as to his duty to respect the legal system and to restore the integrity of the legal profession.

Accordingly, the order of the Disciplinary Board is reversed. We hereby order Zdrok suspended from the practice of law for a period of six months and he shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ordered that Zdrok shall pay the costs of these proceedings pursuant to Pa.R.D.E. 208(g).

ZAPPALA, J., concurs in the result.

MONTEMURO, J., is sitting by designation as Senior Justice pursuant to Judicial Assignment Docket No. 94 R1801, due to the unavailability of LARSEN, J., see No. 127 Judicial Administration Docket No. 1, filed October 28, 1993.