**In re Anonymous No. 76 D.B. 94**

Disciplinary Board Docket no. 76 D.B. 94.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

FRIEDMAN, *Member,* May 25, 1995—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. PROCEDURAL HISTORY

On November 12, 1991 Respondent was convicted of the offense of terroristic threats, 18 Pa.C.S. §2706, in the Court of Common Pleas of [ ] County, Pennsylvania. He was sentenced to one year probation with the condition that he refrain from any threatening behavior toward his neighbors.

On January 21, 1994 the Supreme Court of Pennsylvania entered a rule to show cause directing respondent to show cause why he should not be placed on temporary suspension. On August 11, 1994 the rule was made absolute and respondent was placed on temporary suspension. The court also referred the matter

to the Disciplinary Board pursuant to Pa.R.D.E. 214(f)(1).

On August 19, 1994 respondent filed a petition to dissolve the temporary suspension. On August 31, 1994 a hearing was held before Disciplinary Board member [ ] who recommended that the petition be denied. The Supreme Court denied the respondent's petition for dissolution on September 16, 1994.

On August 30, 1994 a petition for discipline was filed by Office of Disciplinary Counsel. On October 11, 1994 respondent filed an answer to the petition for discipline.

The matter was referred to Hearing Committee [ ] on September 2, 1994 which consisted of [ ], Esquire, Chairperson, and [ ], Esquire and [ ] Esquire, members. A hearing on the matter was held on October 17, 1994.

On January 24, 1995 the Hearing Committee filed its report and recommended that respondent be suspended from the practice of law for a period of 18 months commencing on August 11, 1994. The Hearing Committee further recommended that the final 12 month period of the suspension be stayed and that respondent be placed on probation during this period of time. The committee further recommended that respondent spend at least one hour per week in therapy with either a licensed psychologist or psychiatrist as a condition of his probation.

The matter was adjudicated by the Disciplinary Board at its meeting on February 24, 1995.

## II. FINDINGS OF FACT

(1) Office of Disciplinary Counsel, hereinafter "petitioner" whose principal office is located at Suite 400,

Union Trust Building, 501 Grant Street, Pittsburgh, Pennsylvania, is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, with the power to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the aforesaid Rules of Disciplinary Enforcement.

(2) [Respondent] was born in 1950 and was admitted to practice law in the Commonwealth of Pennsylvania on or about October 12, 1978. His attorney registration address is [ ]. Respondent is subject to the disciplinary jurisdiction of the Disciplinary Board of the Supreme Court of Pennsylvania.

(3) On April 15, 1991 the [A] police were contacted and advised that a man was outside in a bathrobe on the street hollering that he was going to kill someone. [A] police officers arrived on the scene at which time respondent told them that he was responsible for the noise and there was nothing that the officers could do about it. Respondent indicated to the officers that he was going to the basement to load his gun to kill the officers. Respondent then appeared in the foyer with a four foot spear and again stated that he intended to do harm to the officers. The officers rushed the respondent who struggled with them. Respondent was subdued and taken into custody. (S-5, P-3.)

(4) On April 15, 1991, respondent was arrested and charged in [ ] County, Pennsylvania, with the following offenses: possessing instruments of crime, 18 Pa.C.S. §907; terroristic threats, 18 Pa.C.S. §2706; possession of prohibitive offensive weapons, 18 Pa.C.S. §908; simple assault, 18 Pa.C.S. §2701; resisting arrest, 18 Pa.C.S. §5104; disorderly conduct, 18 Pa.C.S. §5503; harass-

ment, 18 Pa.C.S. §2709; criminal mischief, 18 Pa.C.S. §3304, and aggravated assault, 18 Pa.C.S. §2702.

(5) On November 12, 1991 respondent entered a plea of guilty to the charge of terroristic threats and was sentenced to one year probation, plus payment of costs, with a condition that he refrain from any threatening behavior toward his neighbors, and the remaining charges were dismissed.

(6) Respondent failed to report his conviction to the secretary of the Disciplinary Board within 20 days after the date of his sentencing, as required by Pa.R.D.E. 214(a).

(7) On January 10, 1992, the [ ] County Probation Department advised respondent that he was to pay fines and costs in the amount of $680.80, by monthly payments in the amount of $57.

(8) Respondent did not pay the costs as directed.

(9) By letter dated April 1, 1992, [ ] County Court and Financial Services again advised respondent of his obligation to pay and his outstanding arrearage.

(10) By letter dated April 24, 1992, respondent notified the probation department of his position that he was not obligated to pay the costs.

(11) Respondent demanded a hearing as to his obligation to pay the costs.

(12) Respondent paid $300 of the costs on June 8, 1992; $357 on June 12, 1992; and $23 on June 16, 1992.

(13) On June 16, 1992, a *Gagnon I* hearing before a hearing officer on the issue of probation violation was held as a result of which respondent agreed to pay the remaining costs and was returned to probation status, to expire on November 12, 1992.

(14) Petitioner became aware of the conviction in October, 1993 as a result of a newspaper article concerning respondent's arrest on new criminal charges.

(15) Respondent was born in [ ] on April 4, 1950 and immigrated to the United States in 1970.

(16) Respondent graduated from [ ] University with high honors and a degree in philosophy in 1974.

(17) Respondent received his J.D. degree from [ ] University School of Law in 1978.

(18) On December 18, 1982 respondent was arrested in [ ] County, Pennsylvania and charged with aggravated assault and simple assault. These charges were later withdrawn. (S-31, P-28.)

(19) On May 4, 1984 respondent was arrested in [ ] and charged with disorderly conduct, terroristic threats and obstructing the administration of law. On May 21, 1984 respondent entered the ARD program on these charges. (S-31.)

(20) On July 29, 1984 respondent was arrested in [ ] and charged with simple assault (two counts), criminal trespass and disorderly conduct. He was found guilty of defiant trespass, disorderly conduct and one count of simple assault. He received a suspended sentence and payment of costs. (S-31, P-29, 30.)

(21) On September 23, 1989 respondent was arrested and charged with possession of prohibited offensive weapons and resisting arrest in [ ] Township, [ ] County, Pennsylvania. He entered a guilty plea to a charge of criminal mischief and was sentenced to pay a fine and costs and to make restitution. (S-31, P-31, 32.)

(22) On October 6, 1993, respondent was arrested and charged in [ ], [ ] County, Pennsylvania, with simple assault, terroristic threats and disorderly conduct.

On August 23, 1994 the case was tried before a jury as a result of which the respondent was found not guilty of disorderly conduct, the terroristic threats charge was withdrawn, and the jury did not reach a verdict on the charge of simple assault. The district attorney's office has determined not to retry the case. (S-31, P-33, 34.)

(23) Respondent worked for four years as an [ ] for the [B]. (N.T. 157.)

(24) After leaving the [B] respondent was hired by Attorney [C] for whom he was continuously employed until the date of his interim suspension. Respondent practiced primarily in workers' compensation matters. (N.T. 157-160.)

(25) Respondent, who is of [ ] extraction, has been very active in [ ] community affairs for the past 20 years. He incorporated the [D], an [ ], in 1975. (N.T. 162-164.)

(26) Respondent has no prior disciplinary record.

(27) Respondent currently works as a paralegal for Attorney [C]. Mr. [C] testified that respondent enjoyed an excellent reputation as a practicing lawyer and further indicated that he would re-hire respondent as an attorney if respondent were reinstated to the practice of law. (N.T. 118, 121.)

(28) Respondent was examined on one occasion by [E], a psychiatrist. Dr. [E], testified that respondent does not suffer from any mental or psychiatric illness and does not need to undergo psychiatric treatment. (N.T. 81-82.)

## III. CONCLUSIONS OF LAW

(1) Respondent is subject to the disciplinary jurisdiction of the Disciplinary Board of the Supreme Court of Pennsylvania.

(2) Terroristic threats is a "serious crime," pursuant to Pa.R.D.E. 214(i).

(3) Respondent's conviction constitutes a per se ground for discipline pursuant to Pa.R.D.E. 203(b)(1).

(4) Respondent violated Pa.R.D.E. 214(a) by failing to report his conviction to the secretary of the Disciplinary Board.

(5) Respondent's violation of Pa.R.D.E. 214(a) constitutes an independent ground for discipline as a willful violation of the enforcement rules. Pa.R.D.E. 203(b)(3).

## IV. DISCUSSION

Respondent was born in [ ] in 1950. He immigrated to the United States in 1970 and became an American citizen in 1976. Respondent graduated from [ ] University with high honors and a degree in philosophy in 1974. In 1978 he graduated from [ ] University School of Law. He worked as an [ ] for the [B] for four years and was then hired by [C], Esquire. He worked with [C] until his interim suspension on August 11, 1994. During that period of time he specialized in workers' compensation cases. He currently works as a paralegal with [C].

Respondent has been convicted of terroristic threats, 18 Pa.C.S. §2706. Terroristic threats, a misdemeanor of the first degree, carries a maximum penalty of five years imprisonment. It is therefore a "serious crime." Pa.R.D.E. 214(i). Respondent's conviction constitutes a violation of Pa.R.D.E. 203(b)(1). The sole question to be determined is the appropriate disciplinary sanction.

The primary purpose of the disciplinary system is to protect the public from unfit attorneys and to maintain the integrity of the legal system. *Office of Disciplinary Counsel v. Christie,* 536 Pa. 394, 639 A.2d 782 (1994).

In determining an appropriate measure of discipline the events surrounding the charge must be taken into account and consideration given to any mitigating factors. *Christie, supra.*

Respondent's conduct cannot be condoned. Respondent went into the street outside of his home in a bathrobe and hollered that he was going to kill someone. The [A] police were contacted and went to respondent's home. Respondent advised the officers that he was responsible for the noise and that there was nothing that they could do about it. He then indicated to the officers that he was going to the basement to load his gun to kill the officers. Respondent then appeared in the foyer with a four foot spear and again stated that he intended to do harm to the officers. The officers struggled with respondent and took him into custody.

Respondent testified that he had been drinking heavily at the time of the incident due to the termination of his relationship with his fiancee. He testified that he accepted full responsibility for his misconduct.

Respondent was sentenced to a one year probationary sentence and was ordered to pay court costs. Respondent did not pay the costs as directed until he was threatened with probation revocation. Respondent also failed to report his conviction to the secretary of the Disciplinary Board. Although respondent testified that he was not aware of his duty to report the conviction, the Hearing Committee concluded that his failure to report his conviction was willful as respondent's attorney and the assistant district attorney prosecuting the case had agreed that the district attorney's office would not report the matter to the board. We agree with the Hearing Committee.

In *Office of Disciplinary Counsel v. Zdrok,* 538 Pa. 147, 645 A.2d 830 (1994) respondent was convicted

of loitering and prowling at nighttime, a misdemeanor of the third degree (18 Pa.C.S. §5506). The court imposed a six month suspension from the practice of law. A three month and one day suspension was imposed in *In re Anonymous No. 46 D.B. 84,* 39 D.&C.3d 234 (1986) where respondent was convicted of resisting arrest.

The board is of the view that respondent's conduct warrants a suspension from the practice of law. Respondent's conduct was inappropriate and potentially dangerous. His violent behavior could have resulted in injury to law enforcement officials and/or his neighbors or himself. Furthermore, his prior and subsequent encounters with law enforcement officials illustrate a pattern of unacceptable behavior. His problems with law enforcement officials certainly are aggravating factors and are a cause of great concern. Although respondent attributes many of his arrests to his [ ] background and temperament this is no justification for his conduct. Respondent's refusal to pay his court costs and his failure to report his conviction to the board also constitute aggravating factors. *Zdrok, supra.*

Respondent is by all accounts a well respected attorney. He presented a number of character witnesses who testified to his legal abilities and reputation as a practitioner. Furthermore, respondent has no prior disciplinary record nor are any of the incidents directly related to the practice of law. His employer, [C], Esquire testified that respondent currently works for him as a paralegal. [C] also stated that he will immediately reinstate him as a lawyer should he be readmitted to the practice of law.

The Hearing Committee recommended that respondent be suspended from the practice of law for a period of 18 months commencing on the date of his interim

suspension, August 11, 1994. The committee further recommended that the final 12 months of the suspension be stayed and that respondent be placed on probation during that period of time with the requirement that he meet on a weekly basis with a psychologist or psychiatrist. The board is of the view that respondent should serve a 12 month active suspension. The board does not feel that probation is warranted in this case as there is no evidence of record that the respondent suffers from any psychiatric problem. In fact, the only psychiatric testimony which was presented was the testimony of Dr. [E] who testified that respondent does not suffer from any mental or psychiatric illness.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends that respondent, [ ], be suspended from the practice of law for a period of one year effective August 11, 1994. It is further recommended that the court direct that respondent pay all of the necessary expenses incurred in the investigation and processing of this matter pursuant to Pa.R.D.E. 208(g).

Board Member Sloane recused himself.

Board Members Kerns and Carson did not participate.

## ORDER

And now, June 19, 1995, upon consideration of the report and recommendations of the Disciplinary Board dated May 25, 1995, it is hereby ordered that respondent, be and he is suspended from the bar of this Commonwealth for a period of one year effective August 11, 1994, and he shall comply with all the provisions of Rule 217, Pa.R.D.E.

It is further ordered that [respondent] shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

Mr. Justice Montemuro is sitting by designation.