**In re Anonymous No. 79 D.B. 94**

Disciplinary Board Docket no. 79 D.B. 94.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

LEONARD, *Vice-Chairman,* November 22, 1995— Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

The Pennsylvania Supreme Court issued an order on August 16, 1994, referring this matter to the Disciplinary Board pursuant to Rule 214(f)(1), Pa.R.D.E. This order was issued on the basis of respondent's April 1, 1993, conviction in the Court of Common Pleas of [ ] County of driving under the influence. As a

result of this conviction, respondent was sentenced to a term of imprisonment of 48 hours to 23 months and fined $300. Respondent did not appeal this conviction.

The Office of Disciplinary Counsel filed a petition for discipline against respondent on September 12, 1994, on the basis of respondent's conviction. Petitioner alleges that the conduct that led to respondent's criminal conviction violated R.P.C. 8.4(b). Respondent filed an answer on November 7, 1994.

A hearing on this matter was held on January 13, 1995, before Hearing Committee [  ] comprised of Chairperson [  ], Esquire, and Members [  ], Esquire, and [  ], Esquire. Respondent was represented by [  ], Esquire. Office of Disciplinary Counsel was represented by [  ], Esquire. The committee filed its report on May 16, 1995 and recommended a three year suspension to be stayed with three years of probation. No briefs on exception were filed by either party.

This matter was adjudicated by the Disciplinary Board at the meeting held on August 17, 1995.

## II. FINDINGS OF FACT

(1) Petitioner, whose principal office is located at Suite 400, Union Trust Building, 501 Grant Street, Pittsburgh, Pennsylvania, is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, with the power and the duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid rules.

(2) Respondent, [  ], is an attorney admitted to practice law in the Commonwealth of Pennsylvania, having

been admitted to practice on or about May 23, 1985. Respondent maintains an office in [ ], Pennsylvania. Respondent is subject to the jurisdiction of the Disciplinary Board of the Supreme Court of Pennsylvania.

(3) By order dated August 16, 1994, the Supreme Court of Pennsylvania directed that this matter be referred to the Disciplinary Board, pursuant to Rule 214(f)(1), Pa.R.D.E.

(4) On March 29, 1992, respondent was stopped in [ ], Pennsylvania by the [A] Police Department for a Vehicle Code violation.

(5) After detecting an odor of alcohol and other indicia of intoxication, the police officer arrested respondent and transported him to the [A] Police Department.

(6) A breathalyzer was administered to the respondent and revealed a blood alcohol content of .21 percent.

(7) On or about July 9, 1992, a criminal information was filed against respondent in the Court of Common Pleas of [ ] County and docketed at number [ ] of 1992, in which respondent was charged with a violation of 75 Pa.C.S. §3731, driving under the influence of alcohol.

(8) On or about April 1, 1993, respondent pled guilty to driving under the influence and to failure to drive on the right side of the highway.

(9) On or about April 1, 1993, respondent was sentenced to a term of imprisonment of 48 hours to 23 months and fined $300 on the driving under the influence charge. He was fined $25 for the summary traffic offense. Respondent was given credit for the time served at [B] Rehabilitation Center for 28 inpatient days.

(10) Respondent has not appealed his conviction, and the time to do so has since expired.

108

(11) The aforesaid conviction of respondent constitutes an independent basis for discipline, pursuant to Rule 203(b)(1), Pa.R.D.E.

(12) Following his graduation from law school, respondent worked as a law clerk for approximately nine months, then in various positions as an associate attorney until June 1989, when he began practicing as a sole practitioner. His current office is located at [ ].

(13) Respondent began drinking at age 11 and described his drinking at that time as drinking to escape, not socially. Through his teenage years, he was a binge drinker, drinking on weekends only. He also admitted that he abused drugs at various times. He has been married and divorced twice and attributes the ending of his military career to alcoholism. He also acknowledges that he has had suicidal thoughts and various medical problems. (N.T. 72-73.)

(14) Respondent first acknowledged his alcohol problem in 1991 when he was introduced to Alcoholics Anonymous. By 1992, he thought he had overcome the problem but in 1993, he went out and got drunk. (N.T. 74.)

(15) Respondent has previously been arrested by the [C] State Police on October 16, 1984 when he pled no contest to vehicular assault. He has also previously been arrested in [ ] and [ ], having been arrested by [ ] authorities for being under the influence of a controlled dangerous substance and also being arrested in 1970 or 1971 in [ ].

(16) Respondent acknowledges that at his initial disciplinary proceedings in 1987, he had indicated that he would be an asset to the bar and a model and that no further disciplinary problems would ever occur again. He also acknowledges that he stated he would comply with the Code of Professional Responsibility. Respon-

dent never indicated at that time that he had an alcohol problem. (N.T. 94-95.)

(17) Various attorneys associated with the Alcoholics Anonymous Lawyers Group in [ ] County testified on behalf of respondent, all attesting to respondent's sincere attempts at obtaining sobriety and rehabilitation. Included were witnesses who spoke with respondent on a frequent basis, supported him, and were willing to act in various capacities in respondent's rehabilitation, both now and into the future. (N.T. 47, 58, 63, 65.)

(18) One of the witnesses, [D], a practicing attorney in [ ] County, has agreed to act as respondent's sobriety monitor under the Pennsylvania Bar Drug & Alcohol Committee's Guidelines, including reporting any alcohol difficulties which respondent would experience. (N.T. 66.)

(19) [E], a clinical psychologist, testified that she began treating respondent in August 1994. She testified that respondent had a very intense relationship with alcohol and has been in a downward spiral for most of his adult life. (N.T. 35.)

(20) [E] testified that respondent's progress had been steady and steadfast. Respondent is struggling to maintain his sobriety and admits he struggles, which according to [E] is very important for recovery. (N.T. 37-38.)

(21) [E] testified that respondent has been an alcoholic since he was 11 years old and that his DUI is directly related to his alcoholism. (N.T. 39.)

(22) [E] urged respondent to participate in a specialized AA group for lawyers, and he is very committed to attending such meetings. She believes that he is progressing very well at this time. (N.T. 41.)

(23) Respondent is not ashamed of his addiction and talks freely about his recovery and the meetings he attends, which [E] indicates is a good sign. (N.T. 41-42.)

(24) [F], an alcohol counselor, testified that he was a counselor at [B] Rehabilitation Center when respondent entered the 28-day program at that facility. (N.T. 12.)

(25) [F] testified that respondent complied with all requirements of the detoxification program and was very active in group therapy. (N.T. 19.)

(26) Respondent continued to call [F] after his release. [F] became respondent's sponsor at AA. [F] testified that respondent is working very hard on his recovery. (N.T. 21-22, 25.)

(27) Respondent has been sober since August 1994. (N.T. 24-25, 28.)

(28) Respondent testified that he is very committed to the AA program and he attends meetings daily, sometimes as many as four per day. (N.T. 74.) Respondent intends to continue with his active participation in the program. (N.T. 96.)

(29) Respondent has a prior disciplinary record consisting of a three month suspension imposed in 1988 for a conviction in [  ] of unlawful possession of a weapon.

### III. CONCLUSIONS OF LAW

Respondent's April 1, 1993, conviction on a charge of DUI is a conviction under Rule 214(d), Pa.R.D.E.

Respondent's conviction constitutes a per se individual basis for discipline under Rule 203(b)(1), Pa.R.D.E.

Respondent's aforementioned conduct violated the following Rule of Professional Conduct:

(a) R.P.C. 8.4(b)—(Committing a criminal act that reflects adversely on his honesty, trustworthiness or fitness as a lawyer in other respects).

## IV. DISCUSSION

Conviction of a serious crime constitutes a per se basis for the imposition of discipline under the Pennsylvania Rules of Disciplinary Enforcement. Pa.R.D.E. 203(b)(1). As respondent's misconduct establishes a basis for the imposition of discipline, the dispositive issue before the board is the appropriate measure of discipline to be imposed. In order to determine the type of discipline warranted by respondent's actions, the board must judiciously consider and evaluate the facts which gave rise to the criminal charge as well as any mitigating factors. *Office of Disciplinary Counsel v. Christie,* 536 Pa. 394, 639 A.2d 782 (1994); *Office of Disciplinary Counsel v. Eilberg,* 497 Pa. 388, 441 A.2d 1193 (1982).

Accordingly, in this case we must review the circumstances surrounding the conviction which led to the instant petition for discipline. Although we are in no way condoning respondent's behavior or minimizing the serious nature of his violation of the law, we begin our analysis by noting that the conduct for which respondent is being disciplined, a drunk driving conviction, involved an abrogation of respondent's duties as a citizen, and not the compromise of any client interests. While this fact does not relieve respondent from discipline, it is a relevant point to consider when ascertaining the measure of discipline that will adequately protect the interests of the public and the integrity of the bar. *Office of Disciplinary Counsel v. Zdrok,* 538 Pa. 41, 645 A.2d 830 (1994).

The board must consider any mitigating factors in determining the appropriate discipline for professional

misconduct. In Pennsylvania, alcohol abuse may be considered as a mitigating factor; however, alcohol abuse is not a defense to a charge of attorney misconduct. Respondent must prove, by clear and convincing evidence, that alcohol abuse was a factor in causing his misconduct before substance abuse can be considered in mitigation. *Office of Disciplinary Counsel v. Braun,* 520 Pa. 157, 553 A.2d 894 (1989). It is not enough that a respondent claims he was an alcoholic during the incident in question. Respondent must present expert testimony that the abuse was a causal factor. Other relevant factors the board may consider are whether respondent admits he has a problem, whether respondent is sober and for how long, whether respondent is involved in a recovery program such as Alcoholics Anonymous or Lawyers Concerned for Lawyers, and the prognosis for respondent's recovery.

In the instant case, respondent introduced the expert testimony of his psychologist, [E], who began treating respondent in August 1994. [E] testified as to respondent's chronic alcohol abuse and the role it played in his drunk driving conviction. [E] testified that it was her professional opinion that a causal connection existed between respondent's alcoholism and his misconduct. [E] gave respondent a favorable prognosis for recovery. Respondent's former alcohol counselor and present AA sponsor, [F], testified to respondent's long-standing struggle with alcoholism and his efforts to change his life.

The board is satisfied that the record supports a finding that respondent suffered from alcoholism and that his infirmity led to the drunk driving conviction which ultimately brought him before this board. The *Braun* test has been met and the board will consider respondent's alcoholism as a mitigating factor.

In addition to the expert testimony presented by respondent, several attorneys testified on behalf of respondent. These character witnesses testified that respondent is hard-working and very prepared, and takes his job as a lawyer very seriously. Respondent is currently sober and active in AA. He freely admits that he has a serious problem with alcohol and that alcoholism has plagued his way of life. While these factors are important for mitigation purposes, the board cannot ignore respondent's history of discipline. Respondent was suspended for three months in 1988 for a conviction in [   ] for unlawful possession of a weapon. Prior to that, respondent was arrested in [   ] in 1984 and pleaded no contest to vehicular assault. Respondent was arrested in [   ] in 1972 for disorderly conduct relative to being under the influence. Respondent was arrested in [   ] in the early 1970s. Respondent testified that alcohol or drugs played a role in these incidents. These factors, in conjunction with the nature of respondent's offense, combine to make respondent a candidate for probation. Accordingly, the board recommends a three year suspension to be stayed with a three year probation period imposed. Respondent's placement on probation will adequately protect the interests of both the public and the bar and enable respondent to continue to practice law and make a contribution to the profession.

The board is cognizant that a three year suspension for a DUI conviction is a harsh sanction. In many cases, a single DUI conviction might warrant private discipline. The board perceives this case to be different because the totality of the circumstances presents a respondent who has been arrested and convicted of three separate offenses since graduation from law school and two arrests prior to that time. This particular case warrants more than a private reprimand. A three year

suspension to be stayed with a three year probation period is an appropriate sanction in response to the facts of this case.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends that respondent, [　], be suspended from the practice of law for a period of three years, that the suspension be stayed in its entirety and respondent be placed on probation for three years, subject to the following conditions:

(a) Respondent shall abstain from using alcohol or any other mind-altering chemical;

(b) Respondent shall regularly attend Alcoholics Anonymous meetings on a weekly basis;

(c) Respondent shall obtain a sponsor in Alcoholics Anonymous and maintain weekly contact with that sponsor;

(d) A sobriety monitor shall be appointed to monitor for respondent in accordance with Disciplinary Board Rule §89.293(c);

(e) Respondent shall furnish his sobriety monitor with his Alcoholics Anonymous sponsor's name, address and telephone number;

(f) Respondent shall establish his weekly attendance at Alcoholics Anonymous meetings by providing written verification on a board-approved form to his sobriety monitor;

(g) Respondent shall undergo any counseling, out-patient or inpatient treatment, prescribed by a physician or alcohol counselor.

(h) With the sobriety monitor, respondent shall:

"(a) meet at least twice per month;

"(b) maintain weekly telephone contact;

"(c) provide the necessary properly executed written authorizations to verify his compliance with the required substance abuse treatment; and

"(d) cooperate fully."

(i) The appointed sobriety monitor shall:

"(a) monitor respondent's compliance with the terms and conditions of the order imposing probation;

"(b) assist respondent in arranging any necessary professional or substance abuse treatment;

"(c) meet with respondent at least twice per month and maintain weekly telephone contact with respondent;

"(d) maintain direct monthly contact with the Alcoholics Anonymous chapter attended by the respondent;

"(e) file with the secretary of the board quarterly written reports; and

"(f) immediately report to the secretary of the board any violations by the respondent of the terms and conditions of the probation."

(j) The secretary of the board shall report any violations by the respondent of the terms and conditions of the probation to Office of Disciplinary Counsel.

It is further recommended that the court direct that respondent pay all of the necessary expenses incurred in the investigation and processing of this matter pursuant to Rule 208(g), Pa.R.D.E.

Board Members Paris and Carson did not participate in the August 17, 1995 adjudication.

## ORDER

And now, December 18, 1995, upon consideration of the report and recommendations of the Disciplinary

Board dated November 22, 1995, it is hereby ordered that [respondent] be and he is suspended from the bar of this Commonwealth for a period of three years, that the suspension be stayed in its entirety, and placed on probation for three years, subject to the following conditions:

(1) Respondent shall abstain from using alcohol or any other mind-altering chemical;

(2) Respondent shall regularly attend Alcoholics Anonymous meetings on a weekly basis;

(3) Respondent shall obtain a sponsor in Alcoholics Anonymous and maintain weekly contact with that sponsor;

(4) A sobriety monitor shall be appointed to monitor for respondent in accordance with Disciplinary Board Rule §89.293(c);

(5) Respondent shall furnish his sobriety monitor with his Alcoholics Anonymous sponsor's name, address and telephone number;

(6) Respondent shall establish his weekly attendance at Alcoholics Anonymous meetings by providing written verification on a board-approved form to his sobriety monitor;

(7) Respondent shall undergo any counseling, outpatient or inpatient treatment, prescribed by a physician or alcohol counselor;

(8) With the sobriety monitor, respondent shall:

(a) meet at least twice a month;

(b) maintain weekly telephone contact;

(c) provide the necessary properly executed written authorizations to verify his compliance with the required substance abuse treatment; and

(d) cooperate fully.

(9) The appointed sobriety monitor shall:

(a) monitor respondent's compliance with the terms and conditions of the order imposing probation;

(b) assist respondent in arranging any necessary professional or substance abuse treatment;

(c) meet with respondent at least twice a month, and maintain weekly telephone contact with respondent:

(d) maintain direct monthly contact with the Alcoholics Anonymous chapter attended by the respondent;

(e) file with the secretary of the board quarterly written reports; and

(f) immediately report to the secretary of the board any violations by the respondent of the terms and conditions of the probation.

(10) The secretary of the board shall report any violations by the respondent of the terms and conditions of the probation to Office of Disciplinary Counsel.

It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.