## In re Anonymous No. 64 D.B. 92

Disciplinary Board Docket no. 64 D.B. 92.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

RUDNITSKY, *Member,* November 22, 1995—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable

court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

This matter arises from a complaint against respondent which originally resulted in a determination that respondent receive a private reprimand. Respondent did not appear for the private reprimand and subsequently the Office of Disciplinary Counsel filed a petition for discipline against respondent on September 9, 1993, pursuant to Disciplinary Board Rule §87.53(b).

In the petition, Office of Disciplinary Counsel charged respondent with the underlying misconduct of the original complaint, as well as the independent act of misconduct of failing to appear for a private reprimand. Extensive attempts to serve respondent at his known addresses were unsuccessful, and a certificate of service was filed based on the provisions of Rule 212, Pa.R.D.E., for substituted service. Subsequently, respondent's current address at [    ] was located. Respondent did not file an answer to the petition for discipline.

On June 8, 1994, this matter was referred to Hearing Committee [    ] comprised of Chairperson [    ], Esquire, and Members [    ], Esquire, and [    ], Esquire. A hearing on the matter was held on August 3, 1994. Respondent presented his defense on his own behalf. Office of Disciplinary Counsel was represented by [    ], Esquire. The record was held open in order to take the deposition of complainant, [A], on August 18, 1994. Respondent filed exceptions to the deposition of [A] on November 7, 1994. Petitioner filed a brief to the committee on November 28, 1994. Respondent did not file a brief. Hearing Committee [    ] filed its report on April 25, 1995 and recommended public censure. Neither party filed exceptions to the report.

This matter was adjudicated by the board at its meeting of August 17, 1995.

## II. FINDINGS OF FACT

(1) Petitioner, whose principal office is located at Suite 3710, One Oxford Centre, Pittsburgh, Pennsylvania, is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, with the power and the duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid rules.

(2) The respondent was born on [    ]. He was admitted to the practice of law in Pennsylvania on [    ] and his attorney registration number is [    ]. (Petitioner's exhibit no. 1.) His residence address is [    ]. (N.T. 16.)

(3) By order of the Supreme Court dated November 20, 1989 (Petitioner's exhibit no. 1), respondent was transferred to inactive status pursuant to Rule 219, Pa.R.D.E., for failure to file the attorney registration form and pay annual registration fees. Respondent was so notified of this fact by letter dated November 29, 1989 from [    ], then secretary of the Disciplinary Board. (Petitioner's exhibit no. 2.) Respondent has been on inactive status continuously since December 20, 1989.

(4) Respondent testified that since 1992, he has been employed as staff attorney/program director at the [B] Association, [    ].

Respondent had not advised the attorney registration office of the Disciplinary Board or the Office of Disciplinary Counsel of this position prior to the hearing.

Respondent testified that his duties in this position do not involve the practice of law and are primarily devoted to research, proposal writing, arranging educational conferences and seminars. (N.T. 35, 43-45.) The question of whether this employment constitutes the practice of law was not litigated in this proceeding and was not before the Hearing Committee.

(5) Although respondent lives and works in [    ], he is not a member of the bar of the [    ] or any other state. (Petitioner's exhibit no. 3; N.T. 43.)

(6) The complainant is [A], a school psychologist with the [    ] public school system.

At the time of the events at issue, [A] was a graduate student at [C] University. ([A] deposition, p. 5.)

(7) In July 1991, [A] determined she needed counsel regarding a position as a graduate assistant at [C] University. ([A] deposition, pp. 6-7.)

(8) [A] had been acquainted with respondent on a social basis when respondent was a law student. When a mutual friend mentioned that respondent might be able to assist [A], she obtained his telephone number and decided to contact him. ([A] deposition, pp. 6-7.)

(9) On or about July 9, 1991, [A] and two friends met with respondent at [    ] Restaurant. ([A] deposition, p. 7.)

(10) [A] testified that respondent indicated that he was a practicing attorney in the [    ], [    ] and [    ] and could represent her and requested a retainer of $300, which [A] paid to respondent. ([A] deposition, pp. 7-8; petitioner's deposition exhibit no. 1.)

(11) [A] testified that respondent indicated to her that he would attempt to negotiate the situation with the dean of resident life, and that he would go to court

on her behalf if no satisfactory solution was reached. ([A] deposition, pp. 10-11.) In addition, she testified:

"(a) that respondent mentioned to her he worked with an attorney named [D] but left her with the impression that he would be her attorney." ([A] deposition, p. 11.)

"(b) that he intended to refer the matter to Attorney [D] if it went to litigation." (N.T. 28.)

(12) Respondent stated that he spoke to four different parties on [A's] behalf, including the dean of resident life, the dormitory counselor, the vice-president of student affairs, and legal counsel for the university. (Respondent's exceptions to the [A] deposition, paragraph 3.)

(13) By July 13, 1991, [A] became concerned because she had left several messages on respondent's answering machine and received only one message on her answering machine in response. She and others then checked on respondent's admission and learned that he was not admitted to the [   ] Bar. Information from a friend led her to check with Pennsylvania, where she discovered that the respondent was registered but was on inactive status. ([A] deposition, pp. 13-14.)

(14) On July 27, 1991, [A] wrote respondent a letter demanding the return of her retainer. (Petitioner's deposition exhibit no. 2.)

(15) [A] testified that respondent did call her on one occasion to come and recover her money, but she was unwilling to go because it was late in the evening and she thought the respondent sounded as though he might be intoxicated. ([A] deposition, p. 16.)

(16) On another occasion, respondent advised [A] that he would leave her money with a mutual friend at a restaurant, but by the time [A] could get to the

restaurant, respondent had taken the money back. ([A] deposition, p. 17.)

(17) [A] never did receive a refund of her fee from respondent. [A's] claim was paid by the Pennsylvania Lawyers' Fund for Client Security. ([A] deposition, p. 17.)

(18) [A] then filed a complaint with the Office of Disciplinary Counsel. After an investigation, respondent was notified of the complaint by D.B.-7 letter of inquiry. (Petitioner's exhibit no. 4.) Respondent signed for the letter but did not respond. (N.T. 32.)

(19) The matter was submitted to a panel of the Disciplinary Board, which on June 18, 1992, entered an order finding that respondent had violated the following Rules of Professional Conduct: R.P.C. 1.5(a); R.P.C. 1.15(b); R.P.C. 1.16(d); R.P.C. 5.5(b); R.P.C. 8.4(b); R.P.C. 8.4(c); and Rule 217(d), Pa.R.D.E. The order determined that private reprimand with conditions would be imposed upon the respondent. Notice was duly sent to the respondent, who signed a return receipt for the notice on June 27, 1992. (Petitioner's exhibit no. 5.) Under Rule 208(a)(6), Pa.R.D.E., and section 87.54(b), Rules of Disciplinary Board, this disciplinary order became final when respondent failed to file a demand for the institution of formal charges within 20 days or by July 8, 1992.

(20) On November 20, 1992, the secretary mailed respondent a notice that the private reprimand was scheduled for December 18, 1992. (Petitioner's exhibit no. 6.)

(21) Respondent failed to claim the notice of the scheduling of the private reprimand; failed to fulfill the conditions imposed in the order of June 18, 1992; and failed to appear for the private reprimand on December 18, 1992. (Petitioner's exhibit no. 7.)

(22) In the early part of 1993, the secretary and the Office of Disciplinary Counsel made extensive attempts to locate respondent and communicate with him at several known addresses, all of which were unsuccessful. (Petitioner's exhibit no. 8.)

(23) Respondent's appearance at the disciplinary hearing was his first participation in, or response to, the disciplinary action.

(24) Respondent testified that his present position at the [B] Association in [    ], does not involve the practice of law, although he holds the title "staff attorney." (N.T. 35, 43-44.)

(25) Respondent testified that the events in question occurred during a period of great personal difficulty for him, as he was unemployed, lacked a fixed address, had financial difficulties, was a new father, and was suffering from depression (N.T. 31), although he was not under the care of a physician.

(26) Respondent admitted that he exercised poor judgment. However, he contended that he did not intend to defraud [A], and stated that he was prepared to give her money back. (N.T. 31.)

(27) Respondent contacted [A] on at least two occasions to arrange to return the money, but a meeting did not take place for various reasons. (Respondent's exceptions to [A] deposition, paragraph 5; [A] deposition, pp. 16-17.)

(28) Respondent testified that he did not send a refund to [A] by check, because he did not have a checking account at that point. (N.T. 38.)

(29) Respondent testified that he did not respond to the disciplinary inquiry because he was depressed. Further, he failed to open the envelopes from the Dis-

ciplinary Board and was totally frustrated by the whole situation. (N.T. 32.)

(30) Respondent testified that his life has stabilized considerably since he obtained his present employment and address in 1992.

(31) The respondent has never been the subject of disciplinary proceedings prior to this matter.

## III. CONCLUSIONS OF LAW

By agreeing to contact adverse parties in an advocacy role on behalf of [A], respondent engaged in the practice of law at a time when he was on inactive status.

Respondent charged a fee for legal services when he accepted money in consideration for the advocacy services he promised to render.

By failing to request formal charges upon notice of the determination of private reprimand, respondent accepted the finding of the Disciplinary Board that he violated the following Rules of Professional Conduct and Rule of Disciplinary Enforcement:

(a) R.P.C. 1.5(a), which prohibits a lawyer to charge an illegal fee;

(b) R.P.C. 1.15(b), which requires a lawyer to promptly pay to the client funds to which the client is entitled;

(c) R.P.C. 1.16(d), which requires a lawyer, upon termination of the representation, to refund the unearned balance of fees paid in advance by the client;

(d) R.P.C. 5.5(b), which prohibits a lawyer to practice law in a jurisdiction where such practice constitutes the unauthorized practice of law;

(e) R.P.C. 8.4(b) which prohibits a lawyer to engage in illegal conduct adversely reflecting on fitness to practice;

(f) R.P.C. 8.4(c), which prohibits a lawyer to engage in conduct involving fraud, deceit, or misrepresentation; and

(g) Rule 217(d), Pa.R.D.E., which prohibits a lawyer on inactive status to practice law.

By failing to appear at the private reprimand or to comply with the conditions imposed in the Disciplinary Board's order of June 18, 1992, respondent violated Rule 203(d), Pa.R.D.E., which provides that a lawyer is subject to discipline for failing to appear before the Disciplinary Board for private reprimand.

By failing to inform the attorney registration office of the Disciplinary Board of several address changes between 1991 and 1993, respondent violated Pa.R.D.E. 219(d)(3), which requires a lawyer to notify the board of any changes of address within 30 days.

## IV. DISCUSSION

In the instant matter, the determination on the underlying complaint was made without a formal proceeding. Consequently, respondent did not have a right to appeal the imposition of the private reprimand, but he did have the right to demand that a formal proceeding de novo be instituted. Pa.R.D.E. 208(a)(6). Respondent was sent a certified letter dated June 24, 1992, from the office of the secretary of the board indicating that respondent did have such a right pursuant to Rule 208(a)(6), Pa.R.D.E., and informing him of the time strictures within which to notify the office of the secretary of respondent's intentions. Respondent took no action to demand a de novo hearing, nor did he appear to receive his private reprimand on December 18, 1992. Respondent is bound by the Hearing Committee's finding that he violated Rules of Professional Conduct 1.5(a), 1.15(b), 1.16(d), 5.5(b), 8.4(b) and 8.4(c).

The record evinces that respondent received the notice of the private reprimand, and he failed to appear. Respondent testified that he received the notice but failed to notify the board that he would not be able to attend. Respondent's willful failure to appear before the board for the private reprimand constitutes grounds for discipline pursuant to Pa.R.D.E. 203(b)(2).

The record evinces that respondent failed to maintain a current address with the attorney registration office of the Disciplinary Board. His failure to maintain a current address made it very difficult to locate respondent relative to the proceedings in this matter. Respondent's willful failure to maintain a current address is a violation of Pa.R.D.E. 219(d)(3). Such violation constitutes a ground for discipline pursuant to Pa.R.D.E. 203(b)(3).

The issue before the board at this juncture is the determination of the appropriate measure of discipline. In considering the type of sanction to be imposed, the board is mindful of respondent's failure to appear, his failure to maintain a current address, and his underlying misconduct. The correct disciplinary sanction will protect the interests of the public and maintain the integrity of the bar. *Office of Disciplinary Counsel v. Zdrok,* 538 Pa. 41, 645 A.2d 830 (1994).

Review of the record indicates that respondent offered no justifiable reason as to why he neglected to appear for his private reprimand or why he failed to keep a current address on file with the attorney registration office. Respondent testified that his life was in turmoil at the time and he was depressed, although he was not under the care of a physician. He stated that although he received the various notices, he was too frustrated with his situation to bother to open or read his certified mail. Respondent stated several times on the record

that he has no legitimate excuse for his behavior, and he realizes that he comported himself in a very unprofessional fashion. His failure to open and read his mail and respond to the Disciplinary Board's letters were acts that further compounded his original disciplinary troubles. Respondent had the ability to keep his problems from accumulating, but he failed to confront his obligations. The board can only view respondent's failure to appear and failure to maintain a current address as apathy toward this Commonwealth's system of discipline.

The board must give due consideration to any mitigating factors inherent in respondent's case. We are cognizant that this respondent has never been the subject of a disciplinary action prior to this proceeding. Respondent did express to the Hearing Committee that he understands that he acted in an unprofessional manner and he exercised very poor judgment. Respondent also stated to the committee that he is ready to accept whatever penalty is imposed. Respondent's appearance at the hearing indicates his concern for his obligations to the profession.

The Hearing Committee recommended a public censure. The board agrees with this assessment. In two previously adjudicated failure to appear cases, the board has recommended a sanction one increment higher than the original punishment. *In re Anonymous No. 67 D.B. 87,* 9 D.&C.4th 467 (1990) (respondent's failure to appear for a private reprimand in combination with his violation of two Disciplinary Rules consisting of twice neglecting a legal matter entrusted to him warranted a public censure); and *In re Anonymous No. 3 D.B. 85,* 41 D.&C.3d 70 (1986) (failure to appear for a private reprimand in combination with violations of four Disciplinary Rules warranted public censure).

The instant case is analogous to the above-cited cases. In the case at bar, respondent was scheduled to receive a private reprimand. This was the correct sanction for respondent's misconduct, which included charging an illegal fee; failing to promptly pay client funds; failing to refund unearned fees paid in advance by a client; and engaging in the unauthorized practice of law. A more severe sanction is now warranted in reaction to respondent's failure to appear and failure to maintain a current address. The board determines that the most appropriate discipline for respondent is public censure. The imposition of public censure effectuates the primary purpose of lawyer discipline, which is to protect the public from unfit attorneys and to maintain the integrity of the legal system. *Office of Disciplinary Counsel v. Keller,* 509 Pa. 573, 506 A.2d 872 (1986). A public censure would impress upon respondent the seriousness of his misconduct and disrespect for the disciplinary system and protect both the public and the bar. *Office of Disciplinary Counsel v. Duffield,* 537 Pa. 485, 644 A.2d 1186 (1994).

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends that respondent, [    ], be publicly censured.

It is further recommended that the court direct that respondent pay all of the necessary expenses incurred in the investigation and processing of this matter pursuant to Rule 208(g), Pa.R.D.E.

Board Members Witherel and Saltz recused themselves.

Board Members Paris and Carson did not participate in the August 17, 1995 adjudication.

130

## ORDER

And now December 18, 1995, upon consideration of the report and recommendations of the Disciplinary Board dated November 22, 1995, it is hereby ordered that [respondent] be subjected to public censure by the Supreme Court.

It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

Mr. Justice Castille dissents and would suspend respondent from the practice of law for one year for the unauthorized practice of law and alleged violations of the Rules of Professional Conduct and the Rules of Disciplinary Enforcement.