**In re Anonymous No. 1 D.B. 94**

Disciplinary Board Docket no. 1 D.B. 94.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

FRIEDMAN, *Member,* January 19, 1996—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## HISTORY OF PROCEEDINGS

A petition for discipline was filed against respondent on January 31, 1994. The petition alleged that respondent engaged in professional misconduct in violation of specified Rules of Professional Conduct by fleeing the Commonwealth of Pennsylvania on March 2, 1993, in order to avoid incarceration pursuant to the sentence imposed upon him for his conviction of the crimes of bribery, official oppression, criminal coercion, and demanding property to secure employment.

By letter dated February 7, 1994, petitioner sent the petition for discipline and an acceptance of service to respondent at the two addresses furnished by respondent in his 1993-1994 attorney's annual fee form. The addresses provided were [A], and [B]. The letters and enclosures were sent by regular first class mail and registered mail to [A] and regular first class mail and certified mail to [B]. As to the [A] address, the envelope sent by regular mail was returned by postal authorities to petitioner on May 12, 1994. The envelope sent by

registered mail had a pink receipt card, which was returned to petitioner with an illegible signature and date. As to the [B] address, the envelope sent by regular mail was not returned by postal authorities to petitioner. The envelope sent by certified mail had a green receipt card, which was returned to petitioner signed by [C], respondent's father-in-law, dated February 8, 1994. No answer was filed within the prescribed time frame.

On July 11, 1994, this matter was referred to Hearing Committee [     ] comprised of Chairperson [     ], Esquire, and members [     ], Esquire, and [     ], Esquire. Respondent was sent the notice of disciplinary hearing by regular first class mail and registered mail to the [A] address. The registered mail envelope was returned, but the regular mail envelope was not. Notice was also sent to the [B] address by regular and certified mail. Regular mail was not returned, and the green receipt card for the certified mail was returned and signed by [C].

A hearing was held on October 26, 1994. Respondent did not appear, nor did counsel on his behalf. Office of Disciplinary Counsel was represented by [     ], Esquire. Hearing Committee [     ] filed its report on March 21, 1995 and recommended dismissal of the matter for lack of subject matter jurisdiction. Petitioner filed a brief on exceptions on April 6, 1995.

This matter was adjudicated by the Disciplinary Board at the meeting of June 16, 1995.

## II. FINDINGS OF FACT

(1) Petitioner, Office of Disciplinary Counsel, whose principal office is located at Suite 3710, One Oxford Centre, Pittsburgh, Pennsylvania, is invested, pursuant to Rule 207, Pa.R.D.E., with the power and the duty to investigate all matters involving alleged misconduct

of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid Rules.

(2) Respondent, [    ], Esquire, was born in 1930, was admitted to practice law in the Commonwealth of Pennsylvania in 1959, and his last registration address and last known address is [    ]. (PAE 1.)

(3) By order of the Supreme Court of Pennsylvania dated December 29, 1993, respondent was placed on temporary suspension, pursuant to petitioner having filed a petition for emergency temporary suspension under Rule 208(f)(1), Pa.R.D.E. (PAE 9.)

(4) On December 16, 1989, after a jury trial in [    ] County, respondent was found guilty of three counts of bribery (a third-degree felony), one count of official oppression (a second-degree misdemeanor), one count of criminal coercion (a second-degree misdemeanor), and one count of demanding property to secure employment (a third-degree misdemeanor) for conduct that occurred while he was a judge of the [    ] County Court of Common Pleas. Sixteen other charges were severed for trial at a later date. (PE 1; PE 2; PE 3; PE 4; PE 5; PE 6; PE 7; N.T. 36-39.)

(5) On June 27, 1990, respondent was sentenced by Judge [D] to a two-to-five-year term of incarceration in the Pennsylvania State Correctional System. Imposition of sentence was stayed and respondent's bond was continued pending respondent's appeal of his convictions. (PE 2; PE 3; PE 4; PE 5; PE 6; PE 7; N.T. 47-49.)

(6) On April 29, 1991 by a per curiam order, the Supreme Court of Pennsylvania ordered that respondent be suspended as a judge without pay pending disposition of his appeals. The court also ordered that the forfeiture

required by Pennsylvania Constitution Article V, Section 18(1) shall automatically take effect upon the entry of any order that exhausts respondent's rights of appeal, or upon the passage of the last appeal period allowance without any appeal having been filed. (PE 8; N.T. 52-53.)

(7) On August 20, 1991, after timely filing of an appeal, the Superior Court affirmed respondent's convictions and sentence. (N.T. 53.)

(8) On February 26, 1993, by a per curiam order, the Supreme Court of Pennsylvania denied respondent's petition for allowance of appeal. (PE 9; N.T. 53-54.)

(9) On March 2, 1993, respondent fled the Commonwealth of Pennsylvania to avoid serving the sentence of incarceration and relocated to [A]. (N.T. 54-55, 62, 68-70.)

(10) On March 8, 1993, a hearing was held before Judge [D] regarding the Commonwealth of Pennsylvania's petition for revocation of bond and for an order establishing a date certain for compliance with order of sentence. Respondent did not appear for the hearing, despite being notified of the hearing. At the conclusion of the hearing, Judge [D] declared respondent to be a fugitive and directed that a body warrant be issued for his arrest. (PE 10; N.T. 54-57.)

(11) As a result of respondent failing to appear for that hearing and after hearing certain facts indicating that respondent had fled the Commonwealth of Pennsylvania, Judge [D] issued an order of court, dated March 8, 1993. That order revoked respondent's bond and directed that respondent be taken into custody for the purpose of commencing the service of sentence of imprisonment previously imposed on June 27, 1990. (PE 11; N.T. 57, 64-65.)

(12) On March 26, 1993, a federal criminal complaint was filed before United States Magistrate Judge [E], charging that respondent did move and travel in interstate and foreign commerce with the intent to avoid custody and confinement after conviction, in violation of 18 U.S.C. §1073. On that same day, Magistrate Judge [E] issued a warrant for respondent's arrest. (PE 12; PE 13; N.T. 65-67.)

(13) The Commonwealth of Pennsylvania Attorney General's Office conducted an investigation and discovered that respondent became a [A] citizen at least as early as September 4, 1990 and obtained a [A] passport in February 1992. (N.T. 61, 67.)

(14) The investigation also disclosed that respondent purchased a round-trip airline ticket for himself from [    ] to [    ], and a one-way airline ticket from [    ] to [A] and respondent used the tickets on March 2, 1993. (N.T. 68-70, 76.)

(15) As of this date, respondent remains a fugitive and there are currently three outstanding warrants for his arrest, a felony warrant at the magistrate's level, a bench warrant by Judge [D], and a federal unlawful flight to avoid incarceration warrant. He is currently residing at the [A] address. (N.T. 57-58, 76-77.)

(16) The attorney's annual fee forms for the years 1992-1993 and 1993-1994 indicate that respondent retained active status to practice law in the U.S. District Court, [    ], District of Pennsylvania, and the U. S. Supreme Court. Respondent checked off the "active status" box, signed the form and enclosed the proper fee. (PAE 1.)

(17) On or about June 4, 1993, respondent signed and returned his fee form for the year 1993-1994 and recorded changes in his office address to [A] and changed his residence address to [B]. (PAE 1.)

## III. CONCLUSIONS OF LAW

By fleeing the Commonwealth of Pennsylvania on March 2, 1993, in order to avoid incarceration pursuant to the sentence imposed upon him for his convictions of the crimes of bribery, official oppression, criminal coercion, and demanding property to secure employment, respondent violated the following Rules of Professional Conduct:

(a) R.P.C. 8.4(b)—(Committing a criminal act that reflects adversely on your honesty, trustworthiness or fitness as a lawyer in other respects.)

(b) R.P.C. 8.4(d)—(Engaging in conduct that is prejudicial to the administration of justice.)

## IV. DISCUSSION

There are three issues before the board for consideration in this case. The first issue is whether the Disciplinary Board has jurisdiction over this matter. The essential question centers on respondent's status at the time he was alleged to have violated the Rules of Professional Conduct. The second issue is whether any Rules of Professional Conduct were violated by respondent. The third issue is the appropriate discipline to be imposed on respondent if rules violations are found. The board will initially address the threshold question of jurisdiction.

The Disciplinary Board has exclusive jurisdiction over any attorney admitted to practice law in this Commonwealth. Pa.R.D.E. 201(a)(1). The Disciplinary Board does not have jurisdiction over members of the judiciary, as the Judicial Conduct Board has constitutional jurisdiction to bring actions against judicial officers for any allegations of misconduct which arise during that officer's tenure in the judiciary. Pennsylvania

Constitution Article V, Section 18, *Office of Disciplinary Counsel v. Anonymous Attorney,* 528 Pa. 83, 595 A.2d 42 (1991).

The Disciplinary Board has jurisdiction over this case only if respondent was an attorney admitted to practice in Pennsylvania when he committed infractions of the Rules of Professional Conduct. The Hearing Committee determined that the Disciplinary Board did not have jurisdiction because respondent was a member of the judiciary at the time of the incident in question as he had not exhausted his appeal rights. The committee further determined that even if respondent was not a judge at the time he fled the country, his fleeing was to avoid incarceration for crimes committed while he was a judge. The board does not agree with this assessment.

Review of the procedural history of this case indicates that on April 29, 1991, the Supreme Court ordered that respondent be suspended as a judge without pay pending disposition of his appeals. The court additionally ordered that upon entry of any order that exhausted respondent's rights of appeal or upon passage of the last allowable appeal period, respondent would forfeit his judgeship. On August 20, 1991, the Superior Court affirmed respondent's conviction and sentence. On February 26, 1993, the Supreme Court denied respondent's petition for allowance of appeal. Pursuant to the April 29, 1991 order of the Supreme Court, respondent's judgeship was forfeited on February 26, 1993, as his appeal rights were exhausted.[1] Respondent's status was

---

1. The Hearing Committee concluded that respondent had not exhausted his rights to appeal as he could have filed an application for reconsideration (Pa.R.A.P. 1123) and/or a petition for certiorari with the United States Supreme Court. We are of the view that re-

no longer that of a judge. Respondent was an attorney admitted to practice law in Pennsylvania. Respondent's attorney's fee form for registration was checked "active," signed, and accompanied by the correct fee for the years 1992-1993 and 1993-1994. As of the date of the forfeiture of his judgeship, respondent retained active attorney status in Pennsylvania. Respondent fled Pennsylvania on March 2, 1993, four days after the forfeiture of his judgeship. The Disciplinary Board has jurisdiction over this case as respondent was an attorney when he evaded justice. It is respondent's act of fleeing to avoid incarceration for criminal charges that is the basis of petitioner's complaint against respondent. Office of Disciplinary Counsel is not requesting the board to sanction respondent for his criminal convictions, as those were clearly committed while respondent retained his status as a judge, and the board has no jurisdiction over such actions.

The second issue to be addressed is whether any Rules of Professional Conduct were violated by respondent. Petitioner bears the burden of proving respondent's professional misconduct. Evidence is sufficient to prove unprofessional conduct if a preponderance of that evidence establishes the charged violations and the proof of such conduct is clear and satisfactory. *Office of Disciplinary Counsel v. Duffield,* 537 Pa. 485, 644 A.2d 1186 (1994). Respondent is charged with violations of Rules of Professional Conduct 8.4(b) and (d). The basis of the complaint against respondent is that he fled Pennsylvania to avoid incarceration for criminal convictions. The record dem-

---

spondent's appellate rights were exhausted for purposes of this court's April 29, 1991 order when this court denied his petition for allowance of appeal.

onstrates that respondent painstakingly planned his escape to [A]. He applied for a [A] passport, performed a run-through of his flight to [A] several months prior to his escape, removed approximately $400,000 from various bank accounts, sold substantial real estate holdings, and sent his car to [A]. Respondent makes no secret that his permanent address is in [A], as he listed such address in his attorney's annual fee form for registration. This evidence clearly and convincingly demonstrates that respondent planned to leave the Commonwealth to avoid serving his prison term. Respondent's actions are criminal in nature and reflect adversely on his honesty and trustworthiness in violation of R.P.C. 8.4(b). Respondent's conduct was also prejudicial to the administration of justice in violation of R.P.C. 8.4(d).

The final issue to be addressed is the appropriate sanction to be imposed upon respondent in response to his misconduct. The correct disciplinary sanction will protect the interests of the public and maintain the integrity of the bar. *Office of Disciplinary Counsel v. Zdrok,* 538 Pa. 41, 645 A.2d 830 (1994). The board must examine respondent's misconduct and determine whether his actions make him unfit to practice law from the standpoint of protecting the public.

There is no doubt that respondent's conduct has had an adverse impact on the public trust. As an attorney, respondent is an officer of the court and has a duty to uphold the law, not subvert it. Respondent's conduct discredits the legal profession and makes a mockery of the legal system. An attorney who shows such disrespect for the law forfeits his privilege to serve as an attorney and is not competent to represent members of the public or to appear before the courts. *Office of Disciplinary Counsel v. Casety,* 511 Pa. 177, 512

A.2d 607 (1986). While the facts and circumstances of this case are unusual, case law indicates that an attorney who flees justice deserves to be disbarred. *In re Anonymous No. 34 D.B. 91,* 15 D.&C.4th 495 (1992) (attorney who misappropriated client funds, used them for his personal benefit, forged client signatures and then fled the justice system was disbarred).

The only sanction that will protect the public and the integrity of the bar is disbarment. The board is cognizant that disbarment is an extreme measure to be used only in the most egregious cases. *Office of Disciplinary Counsel v. Keller,* 509 Pa. 573, 506 A.2d 872 (1986). The board in this case does not hesitate to recommend disbarring respondent, as we are convinced that his reprehensible behavior warrants such a response. The board will not countenance respondent's behavior by recommending a lesser discipline than disbarment.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends that respondent, [    ], be disbarred from the practice of law. It is further recommended that the court direct that respondent pay all of the necessary expenses incurred in the investigation and processing of this matter pursuant to Rule 208(g), Pa.R.D.E.

Board Members Leonard, Lieber, Paris and Miller did not participate in the June 16, 1995 adjudication of this matter.

## ORDER

And now, March 1, 1996, upon consideration of the report and recommendations of the Disciplinary Board

dated January 19, 1996, it is hereby ordered that [respondent] be and he is disbarred from the bar of this Commonwealth and he shall comply with all the provisions of Rule 217, Pa.R.D.E.

It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

Messrs. Justice Flaherty and Zappala did not participate in this matter.