## Office of Disciplinary Counsel v. Lennert

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

JEFFERIES, *Member*, April 15, 2011—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania ("board") herewith submits its findings and recommendations to your honorable court with respect

to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

On September 22, 2009, Office of Disciplinary Counsel filed a petition for discipline at No. 87 DB 2009 against Brett J. Lennert, respondent. The petition charged respondent with violations of Rule of Professional Conduct 8.4(b) and Rule of Disciplinary Enforcement 203(b)(1) arising out of his conviction of the crime of possessing a controlled or counterfeit substance by a person not registered. On October 7, 2009, office of disciplinary counsel filed a second petition for discipline at No. 163 DB 2009 against respondent for violations of Rules of Professional Conduct 1.1, 1.3, 1.4(a)(2),(3),(4), 1.4(b), 1.5(b), 1.15(b), 1.15(i), 1.16(a)(2), 1.16(d), and 8.4(d). The petitions for discipline were consolidated for hearing. Respondent did not file answers to the petitions for discipline.

A disciplinary hearing was held on March 26, 2010 before a district II hearing committee comprised of chair Patrick J. Connors, esquire, and members Nicholas J. Caniglia, esquire, and Elizabeth A. Schneider, esquire. Respondent did not appear at the hearing.

On June 15, 2010, the hearing committee filed a report, concluding that respondent violated the Rules of Professional Conduct and Rules of Disciplinary Enforcement as charged in the petitions for discipline, and recommending that respondent be suspended for a period of two years.

Petitioner filed a brief on exceptions on June 25, 2010.

This matter was adjudicated by the disciplinary board at the meeting on October 11, 2010.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

1. Petitioner, whose principal office is located at Suite 2700, 601 Commonwealth Avenue, P.O. Box 62485, Harrisburg, Pennsylvania, is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, with the power and duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of said Rules of Disciplinary Enforcement.

2. Respondent is Brett J. Lennert. He was born in 1977 and was admitted to practice law in the Commonwealth in 2004. His last registered address with the disciplinary board was 111 E. Broad Street, 1st Floor, Bethlehem Pa. 18018.

3. Respondent is subject to the disciplinary jurisdiction of the Disciplinary Board of the Supreme Court.

4. Respondent has no prior discipline.

5. On June 13, 2008, respondent was arrested for possession of controlled substance, testosterone cypionate, resulting in criminal charges in Lehigh County.

6. On September 15, 2008, bail was set at $2,500, conditioned upon respondent being subjected to regular and random urinalysis testing.

7. On January 22, 2009, after hearing, Judge Kelly L. Banach found respondent violated the conditions of his bail by testing positive for drug use and placed respondent on house arrest.

8. On March 30, 2009, respondent entered a plea of guilty to the charge of possessing a controlled substance, testosterone cypionate, a non-narcotic substance, by a person not registered, in violation of 35 P.S. Section 780-113(a)(16). Respondent was continued on house arrest.

9. On April 3, 2009, respondent's bail was revoked and he was ordered to undergo a drug and alcohol evaluation after which he was released to an in-patient treatment facility.

10. On May 7, 2009, respondent was sentenced by Judge Maria Dantos to one year of probation, 50 hours of community service and costs and fees. He was ordered to surrender to inpatient drug treatment at Keenan House.

11. On September 22, 2009 and October 28, 2009, warrants were issued for respondent for violating the conditions of probation, engaging in the use of illegal prescription drugs and failing to undergo drug screens.

12. On November 17, 2009, Judge Dantos re-sentenced respondent to three to 23 months in Lehigh County Prison with immediate release to Riverside for substance abuse

treatment.

13. By order of December 24, 2009, respondent was granted parole, to be supervised by the adult probation department of Lehigh County.

14. In a second criminal matter, on July 17, 2008, respondent was arrested for accidents involving death or injury and related charges in Northampton County.

15. On September 14, 2009, respondent entered a plea of guilty to accidents involving death/injury-not properly licensed and was sentenced to 18 months of probation.

16. On November 6, 2009, upon violating the conditions of his probationary sentence, respondent was re-sentenced to 18 months of probation.

17. On March 9, 2010, respondent again violated the conditions of probation and a warrant was issued for his arrest.

18. Respondent failed to notify the disciplinary board of his criminal conviction in the drug possession matter, as he was required to do by Pa.R.D.E. 214(a).

19. From April 2008 through March 2009, respondent was retained by five separate clients—Richard Cover, Randolph Jackson, Jeffery Ford, Christopher Johnson, and Adrian Kipkin—to represent them in criminal matters in Chester and Northampton Counties.

20. In the Cover, Ford and Kipkin matters, respondent did not provide his clients with written fee agreements,

despite the fact that he had never represented them before.

21. In the Cover matter, respondent received advanced fee payments and failed to hold these funds in an escrow or IOLTA account to be withdrawn as the fee was earned.

22. In all matters, respondent did not earn the full amount of the advanced fee and failed to refund the unearned portions.

23. In all matters, respondent failed to appear in court on behalf of his clients.

24. In all matters, respondent failed to communicate with clients after taking a retainer despite the clients' efforts to contact him.

25. In all matters, respondent failed to withdraw his representation of the client.

26. On August 6, 2009, respondent was placed on administrative suspension by the Supreme Court of Pennsylvania.

27. Respondent was served with both petitions for discipline on December 21, 2009.

28. Respondent did not file answers to either petition.

29. On February 9, 2010, respondent was personally served with notice of pre-hearing conference and disciplinary hearing scheduled for February 16, 2010 and March 26, 2010, respectively.

30. Respondent failed to appear at the pre-hearing conference or at the disciplinary hearing.

## III. CONCLUSIONS OF LAW

By his conduct as set forth above, respondent violated the following Rules of Professional Conduct and Rule of Disciplinary Enforcement:

1. RPC 1.1—A lawyer shall provide competent representation to a client.

2. RPC 1.3—A lawyer shall act with reasonable diligence and promptness in representing a client.

3. RPC 1.4(a)(2),(3),(4)—A lawyer shall reasonably consult with the client about the means by which the client's objectives are to be accomplished; keep the client reasonably informed about the status of the matter and promptly comply with reasonable requests for information.

4. RPC 1.4(b)—A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

5. RPC 1.5(b)—When the lawyer has not regularly represented the client, the basis or rate of the fee shall be communicated to the client, in writing, before or within a reasonable time after commencing the representation.

6. RPC 1.15(b)—A lawyer shall hold all Rule 1.15 Funds and property separate from the lawyer's own property. Such property shall be identified and appropriately

safeguarded.

7. RPC 1.15(i)—A lawyer shall deposit into a trust account legal fees and expenses that have been paid in advance, to be withdrawn by the lawyer only as fees are earned or expenses incurred, unless the client gives informed consent, confirmed in writing, to the handling of fees and expenses in a different manner.

8. RPC 1.16(a)(2)—A lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client.

9. RPC 1.16(d)—Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

10. RPC 8.4(b)—It is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects.

11. RPC 8.4(d)—It is professional misconduct for a lawyer to engage in conduct that is prejudicial to the

administration of justice.

12. Pa.R.D.E. 203(b)(1)—Conviction of a crime, which under Enforcement Rule 214 may result in suspension, shall be grounds for discipline.

## IV. DISCUSSION

This matter is before the disciplinary board for consideration of the petitions for discipline filed against respondent charging him with violations of the Rules of Professional Conduct and Rules of Disciplinary Enforcement arising out of a criminal conviction and from his misconduct in five separate client matters. Respondent did not answer the charges against him and the factual allegations contained in the petitions for discipline are deemed admitted. Pa.R.D.E. 208(b)(3). In addition to respondent's admissions, the record is replete with evidence establishing violations of the rules.

In the case at bar, respondent was convicted of two crimes, one of which is deemed to be "serious" pursuant to Pa.R.D.E. 214(1), and engaged in serial neglect of legal matters. Respondent failed to keep his clients informed about their cases, failed to provide his clients with a document evidencing the basis and rate of his fee; failed to return client papers and unearned fees to client when the representations were terminated. In short, respondent completely abandoned his representations in connection with five clients. Respondent's abandonment of his law practice necessitated a common pleas judge to withdraw respondent's appearance on behalf of numerous criminal

defendants and appoint replacement counsel.

Exacerbating respondent's misconduct is his failure to participate in any facet of the disciplinary proceedings against him. Respondent has demonstrated an utter lack of interest in maintaining his license to practice law. He failed to answer the petitions for discipline, failed to appear at the pre-hearing conference and failed to appear at the disciplinary hearing. Respondent appears to be a fugitive from the criminal justice system in connection with a matter separate from the criminal conduct which is the subject of the instant proceeding.

Respondent's convictions of two crimes and his abandonment of his legal practice lead to the conclusion that he is not fit to be a lawyer and should be disbarred.

The purpose of the disciplinary system is to protect the public from unfit attorneys and to maintain the integrity of the legal system. *Office of Disciplinary Counsel v. Costigan*, 526 Pa. 16, 584 A.2d 296 (Pa. 1990). Precedent supports the recommendation of disbarment in cases involving the abandonment of clients and failure to participate in disciplinary proceedings.

In the matter of *In re Anonymous,* Nos. 75 DB 94 & 7 DB 95, 34 Pa. D. & C. 4th 32 (1996), two petitions for discipline were filed against the respondent. The first involved the respondent's criminal conviction for writing bad checks. The second petition alleged that she abandoned her obligations to three clients who had pending criminal cases by failing to appear at the hearings and failing to

return fees the clients paid in advance. At the time of the hearing, the respondent had been charged with assault with a deadly weapon. The respondent did not show at the hearing. The court disbarred this respondent.

In *Office of Disciplinary Counsel v. Floyd Paul Jones*, Nos. 133 DB 2003 & 1 DB 2004, 72 Pa.D.&.C. 4th 98 (2005), two petitions for discipline charged Mr. Jones with violating the rules of professional conduct in connection with six separate client matters and a contempt proceeding in York County Court of Common Pleas. The evidence established that Mr. Jones had abandoned his law practice and his whereabouts were unknown at the time of the disciplinary hearing. Mr. Jones did not appear at the disciplinary hearing. The court ordered that he be disbarred.

In *Office of Disciplinary Counsel v. Pablo Santana*, Nos. 65 DB 1994 & 10 DB 1995 (1997), the evidence established that in 11 separate matters, Mr. Santana took fees from clients, performed minimal if any legal services, and then abandoned the clients. He did not answer the charges against him and failed to appear at the disciplinary hearings. The court ordered that Mr. Santana be disbarred.

The record in this matter presents a serious and disturbing set of circumstances. Respondent has not shown that he is entitled to any mitigation of discipline. The board's responsibility to the public will be fulfilled by the imposition of disbarment.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania unanimously recommends that the respondent, Brett J. Lennert, be disbarred from the practice of law in this Commonwealth.

It is further recommended that the expenses incurred in the investigation and prosecution of this matter are to be paid by the respondent.

### ORDER

And now, April 15, 2011, upon consideration of the report and recommendations of the disciplinary board dated December 21, 2010, it is hereby ordered that Brett J. Lennert is disbarred from the Bar of this Commonwealth and he shall comply with all the provisions of Rule 217, Pa. R.D.E.

It is further ordered that respondent shall pay costs to the disciplinary board pursuant to Rule 208(g), Pa. R.D.E.